FILED

December 9, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:54 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Jose Gonzalez,<br>　　　　　Employee,<br>v.<br>The Troxel Co.,<br>　　　　　Employer,<br>And<br>Great American Alliance Ins. Co.,<br>　　　　Insurance Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2015-08-0050<br><br>State File Number: 85596-2014<br><br>Judge Jim Umsted |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the employee, Jose Gonzalez, pursuant to Tennessee Code Annotated section 50-6-239 (2014). Mr. Gonzalez seeks medical and temporary disability benefits for a lower back and abdominal injury. The employer, The Troxel Co., denied compensability of Mr. Gonzalez's claim. The central legal issues are whether Mr. Gonzalez provided adequate notice of his alleged injury to Troxel and whether the alleged injury is causally-related to Mr. Gonzalez's employment. For the reasons set forth below, the Court finds that Mr. Gonzalez is not entitled to the requested benefits.[1]

### History of Claim

Mr. Gonzalez is a thirty-two-year-old resident of Benton County, Mississippi. He alleged an injury to his lower back and abdomen on September 8, 2014, while emptying a dump pan at work. According to Mr. Gonzalez, he reported his injury to his supervisor. However, Troxel refuted this contention and ultimately denied the claim.

Mr. Gonzalez filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr.

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

Gonzalez filed a Request for Expedited Hearing, and this Court heard the matter on November 18, 2015. At the Expedited Hearing, Mr. Gonzalez asserted he sustained a work-related injury, gave proper notice, and that his claim should be deemed compensable. Troxel countered that Mr. Gonzalez failed to give proper notice of his injury as required by statute and his claim should be denied.

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

The First Report of Injury indicates that Mr. Gonzalez reported on October 28, 2014, that he was emptying a dump pan and experienced lower back and upper abdominal pain. Mr. Gonzalez testified through a state-certified interpreter. He testified he wants reimbursement of past medical expenses and an award of future medical benefits. He also requested temporary disability benefits.

He testified that when the accident occurred, he told his supervisor that his stomach hurt and he needed to go to the doctor. He testified that one or two of his friends were present when he was injured, they asked what happened, and he told them. These friends did not testify.

Larry Dulaney, Mr. Gonzalez's supervisor, testified that Mr. Gonzalez was a machine operator for Troxel. He recalled having a conversation with Mr. Gonzalez on September 8, 2014 and that Mr. Gonzalez did not look well. Mr. Gonzalez said he was

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

having stomach trouble, which he thought was an illness. Mr. Dulaney recommended that he go to a doctor. Mr. Dulaney testified that Mr. Gonzalez did not mention a work-related injury on September 8, 2014, and did not request to file a workers' compensation claim. Mr. Gonzalez continued working for Troxel from September 8, 2014, to October 28, 2014, and, according to Mr. Dulaney, did not complain of a work-related injury during that time. The Court finds Mr. Dulaney's testimony more persuasive and finds Mr. Gonzalez did not provide adequate notice of his alleged injury within thirty days as required by Tennessee Code Annotated section 50-6-201(a)(1) (2014).

Furthermore, for injuries on or after July 1, 2014, an employee must show that he suffered an accidental injury caused by an incident, or specific set of incidents, arising primarily out of and in the course and scope of employment, and identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(13)(A) (2014). "Arising primarily out of and in the course and scope of employment" requires a showing, to a reasonable degree of medical certainty, that the injury causing disablement or the need for medical treatment contributed more than 50 percent considering all causes. Tenn. Code Ann. § 50-6-102(13)(C) (2014). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes. Tenn. Code Ann. § 50-6-102(13)(D) (2014).

A review of the medical evidence submitted indicates that Mr. Gonzalez was diagnosed with back pain and an inguinal hernia. However, there is no history provided regarding the causation of these conditions. Moreover, no physician has opined that the injuries arose primarily out of employment. Therefore, Mr. Gonzalez has not come forward with sufficient evidence from which this Court can conclude that he is likely to prevail at a hearing on the merits. His request for medical and temporary benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Gonzalez's claim against Troxel and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on January 20, 2016, at 10:00 a.m. Central time.

**ENTERED this the 9th day of December, 2015.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

3

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited

Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Jose Gonzalez;
2. Form C-20 Employer's First Report of Work Injury or Illness;
3. Form C-41 Wage Statement;
4. Job description for a Class 1000 Recut Machine Operator;
5. Mileage Reimbursement information;
6. Medical bill from Methodist Healthcare dated November 4, 2014;
7. Medical bill from Hawkins Family Medicine dated January 8, 2015;
8. Medical bill from Surgery Consultants of Oxford dated January 6, 2015;
9. Medical bill from Alliance Healthcare System dated November 21, 2014;
10. Medical bill from McKnight Clinic dated November 14, 2014;
11. Medical records from Hawkins Family Medicine dated between September 8, 2014, and October 24, 2014;
12. Work status slips and discharge records from Surgery Consultants of Oxford dated between October 21, 2014 and December 8, 2014;
13. Work status report from Oxford Urology Associates dated October 20, 2014; and
14. Discharge instructions from Baptist Memorial Hospital dated November 5, 2014.

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 9th day of December, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Jose Gonzalez | | | x | 556 Hwy. 7 Lamar, MS 38642 |
| Ryan Sarr, Employer's Counsel | | | x | rsarr@morganakins.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7